IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-10992
Summary Calendar

ANTHONY RAY ARCHER,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION ET AL.,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CV-159-X
---------------------
May 7, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Anthony Ray Archer, Texas prisoner #306447, seeks leave to proceed *in forma pauperis* (IFP), following the district court's certification that his appeal from the dismissal of his civil-rights complaint was taken in bad faith. Archer asserts that the district court erred by holding his claims barred by *Edwards v. Balisok*, 520 U.S. 641 (1997); that he did not receive due process in three prison disciplinary proceedings; that three guards filed

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

false disciplinary reports against him; and that two of the three guards retaliated against him.

Archer has failed to brief his assertion that the district court erred by holding his claims barred by *Edwards*. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, the punishments Archer received at his disciplinary hearings, a reduction in status and cell and commissary restrictions, do not implicate protected liberty interests. Archer has not shown a due process violation concerning his disciplinary hearings. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Archer has failed to brief his retaliation assertions, *Brinkmann*, 813 F.2d at 748, and he does not allege a favorable termination of his disciplinary proceedings, as is required for any claim based on the filing of false disciplinary reports independent of any retaliation claim. *Woods v. Smith*, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995).

Archer's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Archer's IFP motion is DENIED and the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). We caution Archer that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.